JANE VETTO, OSB #914564
Marion County Counsel
jvetto@co.marion.or.us
JOE MILLER, OSB #160851
Assistant Legal Counsel
jcmiller@co.marion.or.us
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
  Of Attorneys for Marion County, Third Party

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LARISSA WHITE, | Civil No. 6:18-cv-00550-JR |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* |
| v. | |
| CITY OF TURNER POLICE CHIEF DON TAYLOR; by and through the CITY OF TURNER POLICE DEPARTMENT, a political Subdivision of TURNER, OREGON, | |
| Defendants. | |

Comes now Marion County, by and through Joe Miller, Assistant Legal Counsel, and submits this Memorandum in support of the County's Motion to Quash the subpoena *duces tecum* issued by Daniel Thenell, of attorneys for Plaintiffs, on January 9, 2019 requiring Marion County Sheriff's Office employee Lieutenant Nick Hunter to produce any and all records in his possession, custody or control, regarding "Larissa White, and/or Turner Police Chief Don Taylor, and/or Turner Police Department, and/or David Sawyer from January 2015 to the present." *Encl*

1 – MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* (Case No. 6:18-cv-00550-JR)

*01 at Pg. 4.* Plaintiff's subpoena was issued on January 9, 2019 and received by Lieutenant Hunter on January 14, 2019; Marion County's motion is timely pursuant to the 14 day rule of Federal Rule of Civil Procedure 45.

I. The Requested Information is Overly Broad

Federal Rule of Civil Procedure 26(b) limits the scope of discovery to materials "proportional to the needs of the case." *FRCP 26(b)(1)*. Plaintiff's case alleges violations of her rights to freedom of speech under the 1st and 14th Amendments of the US Constitution and whistleblower protection under Oregon state law.[1]

Lieutenant Hunter's connection regarding this matter, is that he conducted a professional standards investigation into Marion County Sheriff's Office Deputy Chris White.[2] This investigation was initiated in December 2017 and was based on concerns that Deputy White may have made untruthful statements to the City of Turner/Turner Police Department surrounding events at issue in this case. Ultimately the professional standards investigation was completed and the allegations against Deputy White were not substantiated.[3]

Plaintiff's subpoena directs Lieutenant Hunter to produce all "correspondence, records, and reports," not only regarding Plaintiff, but also the Tuner Police Department. As the Turner Police Department is within Marion County, and the Marion County Sheriff's Office provides law enforcement agency support to the Turner Police Department, the use of "any and all" records is overly broad considering the allegations of this matter and the scope of the records requested. Considering that Plaintiff has acknowledged in correspondence with the Marion

---

1. *See* Plaintiff's Complaint Page 2 ¶ 1.
2. Spouse of Plaintiff.
3. These types of investigation records are protected from disclosure under ORS 181A.830, however Plaintiff already has this record in her possession, rendering disclosure argument moot in this instance.

2 – MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* (Case No. 6:18-cv-00550-JR)

County District Attorney's Office, that Plaintiff has a copy of the professional standards investigation, Plaintiff knows this request is overly broad. *See Encl. 02.*

For the above reasons, the scope and duration of documents requested exceeds what is proportional to this case. Plaintiff's Subpoena *Duces Tecum* should be quashed due to the over breadth of the records requested, in violation of Federal Rule of Civil Procedure 26.

II. <u>The Requested Information is Unduly Burdensome to Produce</u>

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) provides that upon timely motion, a subpoena must be modified or quashed when the subpoena subjects the person or entity to an "undue burden."

The current Marion County electronic records keeping systems rely on specific search terminology when performing searches. In order to effectuate the retrieval of some of the requested records (specifically incident reports and email correspondence) without specific search terminology, multiple search terms would have to be used and then a manual review of the records would have to be performed in order to preliminarily identify responsive records. For example, in order to search for emails between Lieutenant Hunter and the Turner Police Department, Marion County would have to search for emails containing the phrases "Turner Police Department," "Turner PD," "Turner," and specific email addresses or email domains. A similar search query would be required for incident reports.

As outlined above, searching for the ambiguous "any and all" records is burdensome enough, but when compounded with a search for documents that significantly predates Lieutenant Hunter's potential involvement in this matter by nearly three years (January 2015 to December 2017), the request becomes patently unduly burdensome.

For the above reasons, Plaintiff's Subpoena *Duces Tecum* issued January 9, 2019, should be quashed on the grounds that it is overly broad and unduly burdensome. In the alternative, the Subpoena should at least be modified to the appropriate subject matter, and to records in which Lieutenant Hunter has firsthand knowledge of the documents requested.

DATED this 18th day of January, 2019.

/s/ Joe Miller
Joe Miller, OSB #160851
Assistant Legal Counsel
Of Attorneys for Marion County

Points and Authorities
FRCP 26
FRCP 45

Enclosures
1. Plaintiff's Subpoena *Duces Tecum* issued January 9, 2019 (4 Pages)
2. Letter from Counsel for Plaintiff to Marion Co. District Attorney's Office dated March 28, 2018 (1 Page)

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum In Support of Motion to Quash Subpoena *Duces Tecum* on the following person:

| | | |
|---|---|---|
| Daniel Thenell | David C. Lewis | Richard Paul Freud |
| Thenell Law Group P.C. | Kraemer & Lewis | Kraemer & Lewis |
| 12909 SW 68th Parkway, Ste. 290 | PO Box 1469 | PO Box 1469 |
| Portland, OR 97223 | Lake Oswego, OR 97035 | Lake Oswego, OR 97035 |
| dan@thenelllawgroup.com | dlewis@cisoregon.org | rfreud@cisoregon.org |
| Of Attorneys for Plaintiff | Of Attorneys for Defendants | Of Attorneys for Defendants |

electronically via the court's Case Management/Electronic Case File system and via First Class US Mail on January 18th, 2019.

DATED: January 18th, 2019.

*Joe Miller*
Joe Miller
Assistant Legal Counsel
Of Attorneys for Marion County