UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LARISSA WHITE, | Case No. 6:18-cv-00550-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DON TAYLOR, City of Turner Police Chief, by and through the CITY OF TURNER POLICE DEPARTMENT, a political subdivision of Turner, Oregon, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Larissa White filed this action against Defendants City of Turner Police Chief Don Taylor ("Defendant Taylor") and the City of Turner (the "City"; collectively "Defendants"), alleging claims under 42 U.S.C. § 1983 for violations of Plaintiff's free speech rights under the First and Fourteenth Amendments of the United States Constitution, and under Oregon Revised

Statute ("ORS") § 659A.203(1)(b)(A) and (B) for violations of state whistleblower protections. *See* Compl., ECF No. 1. Currently before the Court is Defendants' Joint Motion for Partial Summary Judgment as to the preclusive effect of the Oregon Department of Public Safety Standards and Training's ("DPSST") administrative decision. ECF No. 126. All parties have consented to jurisdiction by a U.S. Magistrate Judge. *See* ECF No. 110. For the reasons that follow, the Defendants' motion is DENIED.

## BACKGROUND

The parties are well familiar with this lawsuit's factual background and the Court will not recant that history here beyond the factual and procedural background necessary to resolve the pending motion.[1] Following Plaintiff's resignation from the Turner Police Department (the "Department"), retroactively effective August 1, 2017, the DPSST began proceedings to review Plaintiff's police officer certification. Defs.' Joint Mot. for Partial Summ. J. 2, ECF No. 126 ("Defs.' Joint Mot."). Ultimately, the Agency issued a Final Order adopting an ALJ's decision that revoked Plaintiff's Basic Police Certification for ten years "for Dishonesty and Gross Misconduct." Campbell Decl. Ex. 2, ECF No. 127-2; *see also id.* Ex. 1 ("ALJ decision"). ECF No. 127-1.

Defendants now seek issue preclusion regarding the findings and conclusions outlined in the ALJ's decision. Defs.' Joint Mot. 3–10. The ALJ's decision includes twenty-six separate findings of fact, and the following three conclusions of law:

    1. [Plaintiff] committed acts constituting dishonesty by untruthfulness.

---

[1] For a comprehensive discussion of this case's factual background see the adopted Findings & Recommendation ("F&R") at ECF No. 101 that recommended granting the City's motion for summary judgment as to Plaintiff's *Monell* claim, but otherwise recommended denying Defendants' motions for summary judgment.

    2. [Plaintiff] committed acts constituting gross misconduct that threatened the efficient operation of the Turner Police Department [("TPD")].

    3. [Plaintiff's] basic police certification should be revoked.

ALJ Decision 6–13.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Defendants' motion hinges on what preclusive effect, if any, the ALJ's decision has on her state and federal claims in this lawsuit. Defendants assert that the factors outlined by the Oregon Supreme Court in *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993), weigh

in favor of giving preclusive effect to the ALJ's decision. Defendants also rely on a decision from this district in which Judge Aiken found that a DPPST revocation decision had "preclusive effect in [that] action." *Nichol v. City of Springfield*, No. 6:14-cv-01983-AA, 2017 WL 6028465, at *7–10 (D. Or. Dec. 3, 2017). Plaintiff asserts that issue preclusion is not appropriate here because (1) there has been no judicial review of the DPSST's final order by Oregon state courts as would be required by 28 U.S.C. § 1738 and (2) the federal common law does not require preclusion for this type of administrative decision. Pl.'s Resp. Defs.' Joint Mot. Summ. J. 4–9, ECF No. 131 ("Pl.'s Opp'n").

"Federal courts must give preclusive effect to state court reviewed administrative determinations under 28 U.S.C. § 1738, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985), and to unreviewed administrative findings under federal common law rules of preclusion. *University of Tennessee v. Elliott*, 478 U.S. 788 (1986)." *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988) (citations altered).

Although Plaintiff's contention that the absence of state judicial review essentially makes preclusion entirely inappropriate has some facial appeal when read in conjunction with language from *Nichol*, the contention ultimately lacks merit. *Eilrich* rejected a similar argument that a state "administrative decision" had no preclusive effect simply "because it was not reviewed by [state] courts." *Id.* at 632–33. Instead, *Eilrich* explained that federal trial courts should look to state preclusion law.

Under Oregon law, issue preclusion may be appropriate where the following five requirements are met:

> 1. The issue in the two proceedings is identical.
>
> 2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

> 3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
>
> 4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.
>
> 5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Nelson*, 318 Or. at 104 (citations omitted). The party seeking to invoke issue preclusion bears the burden of proof on the first, second, and fourth elements; if that party carries its burden, then the burden shifts to the party against whom preclusion is asserted to show that the third and fifth elements are not met. *Eagle-Air Estates Homeowners Ass'n, Inc. ex rel. Harp v. Haphey*, 354 P.3d 766, 771–72 (Or. Ct. App. 2015).

The Court declines to apply issue preclusion here for several reasons. First, the issues decided in the DPSST decision related primarily to dishonesty and gross misconduct as defined by DPSST's standards, which are not identical to the issues in this federal lawsuit that alleges that Plaintiff was retaliated against. Although implicit in the ALJ's dishonesty finding are credibility determinations relating to Plaintiff and Defendant Taylor, this Court is not persuaded that it is appropriate to impute such critical credibility determinations into a federal civil rights lawsuit at the expense of a civil jury.[2]

Second, the ALJ's decision expressly acknowledged that it did not consider whether Defendants' disciplinary action was taken against her in retaliation of Defendant Taylor's discovery of her written log because DPSST did "not have the authority to review TPD's

---

[2] The Court acknowledges that *Nichol* reached the opposite conclusion in a similar procedural posture, though the ALJ's decision in that case had been affirmed without opinion by the Oregon Court of Appeals. 2017 WL 6028465, at *7. *Nichol*, however, is not binding on this Court, which finds preclusion inappropriate on the facts of this case.

disciplinary action except to determine whether [Plaintiff's] conduct violated DPSST's moral fitness standards." ALJ Decision 14. In other words, the scope of DPSST decision was far narrower than this lawsuit.

Finally, even if Defendants could establish that the *Nelson* factors were satisfied in this case, preclusion would still be inappropriate. *See Minihan v. Stiglich*, 258 Or. App. 839, 855 (2013) ("Additionally, even where [the *Nelson*] elements are met, the court must also consider the fairness under all the circumstances of precluding a party.") (quotation and brackets omitted); *see also Stewart Title Guaranty Co. v. DCBS*, 272 Or. App. 138, 143 (2015) (recognizing that courts must "consider the fairness under all the circumstances of precluding a party" even when the *Nelson* elements are satisfied) (internal quotation marks omitted).

As noted, the Court is particularly hesitant to give preclusive effect to the ALJ's determination that Plaintiff was dishonest in her timekeeping submissions because doing so would divest from a jury the credibility determinations required in making such a determination. *Cf. State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 275 Or. 97, 105 (1976) ("Collateral estoppel involves a policy judgment balancing the interests of an individual litigant against the interests of the administration of justice . . . ."). Which party's version of the facts is more believable will be for the jury to decide after hearing all of the evidence, and having an opportunity to evaluate the credibility of the witnesses. *See, e.g., Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010) ("The credibility of witnesses and the weight of the evidence are issues for the jury . . . ."); *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977) (recognizing it is "the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts").

In sum, the Court declines to give preclusive effect to the DPSST administrative decision.

**ORDER**

For the reasons above, Defendants' Joint Motion for Partial Summary Judgement (ECF No. 126) is DENIED.

DATED this 14th day of July 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge